Our next case is Marcus Greenidge v. Secretary of Veterans Affairs, 2024-2044, Mr. Dohakis. Thank you, Your Honor. May it please the Court, Kenny Dohakis for Mr. Greenidge. On behalf of Mr. Greenidge, I do want to thank the Court for the opportunity to present his appeal. Mr. Greenidge is a prevailing party because the Veterans Courts Order identified agency error, and both required additional agency proceedings and materially altered the legal relationship between the parties. Well, he didn't win on the 10%, he just had another opportunity to argue for it, right? No, Your Honor. This case, we think, is more similar to Dover than it is to Halpern, and I think that it does admittedly fall somewhere in between those two, but when you look at what happened in Dover, the Veterans Court, like here, dismissed an appeal, or dismissed a decision by the Board, because it found that it acted without jurisdiction, because there was no claim put forth to the Board that was adequately pled, and with the CUE, really not relevant here, it has to have an adequate pleading in order for it to be a valid claim. And so what the Court did in Dover was dismiss the appeal, and the result of that dismissal was that the Veteran there could present that CUE issue again, which he did, or his surviving spouse did, and was able to prevail on that. That's what happened here, and it's even more, I think, more apparent in this case. Can I back up to what you said at the beginning, because I'm a little confused about how you knew what happened here at the Veterans Court. You said, I mean, clearly they found that the Board lacked jurisdiction, that's an agency error, but then you suggested that they required further action, but I didn't see that in this case. I thought they just dismissed the appeal, and there was no remand or anything. So on the Board's order, Your Honor, I'm sorry, the Court's order. Yeah, I thought there was a parallel proceeding that had already been instituted that was been allowed to go forward. Right. But that doesn't mean that the Veterans Court told, in this case, I'm not trying to trick you. I think this actually is something that helps distinguish it from Halpern, but we have cases that are all over the place on this issue, and this one I think is particularly tricky. But I don't want you to overstate your case to try to shoehorn it into the, you win if you get a remand based on agency error and no retention of jurisdiction, because that's not this case, right? Right. Yeah, and I'm glad to hear you say that, because I agree that there's a lot of different positions and procedures that this Court has dealt with, and this is unfortunately a very unique one. But on page 158, number one, the Court's order says, the Board issued the decision without jurisdiction, the Veteran currently has a proper appeal pending, thus the correct remedy is to vacate and let the pending appeal move forward. And we think that that's enough. So they just vacated and then that was it. In this civil, the other thing that's tricky is this is not the regular district court to appellate court, where something like this probably wouldn't get you prevailing party status. I mean, I think the Supreme Court precedent is pretty clear that it's different when it's a new civil action in the Court of Appeals for the first time, which is what we have here. Yes, Sean. What, I didn't see it in the appendix, what was specifically he asking for in his appeal brief? Was he asking for a review of the fee award or was he just asking for what he got, which is the vacation of the decision? He wanted the decision vacated so that he could then pursue his appeal, which is the exact remedy he got. And I think when you look at CRST, that's very helpful in that regard. Yeah, because CRST makes clear that even though there's a lot of language in these fee shifting cases about prevailing party requires some relief on the merits, merits means something different than merits of the actual underlying claim. Sometimes it just means relief on what you're seeking. And your view is here he was seeking to have that board decision vacated because it was an error. The Veterans Court agreed with him and that was sufficient to confer prevailing party status. Yes, Sean. Okay. And I think you started going into it. Can you just, the case I struggle with the most here, and I do see some differences but it's very close, is Halpern because it's at least procedurally some of it's the same. There was a board decision and then it turned out the board didn't have jurisdiction to make that. I think it was about attorney fee eligibility in the first instance. And so the Veterans Court said board lacked jurisdiction, ordered the board to dismiss it. What's the difference here? It's kind of the same thing as the board lacked jurisdiction to do what it did and the court vacated that decision. The difference that I see between the two, Your Honor, is that in Halpern there was nothing before the agency at all until this went to the board and the board made a decision. In this case, we had a decision by the AOJ that had been denied and the time to appeal had not lapsed and the board came in and issued this decision cutting off Mr. Greenwich's ability to appeal. And I just want to point out too, as the Secretary acknowledged in his brief, on his appeal, the board awarded a 70% rating from a 10% back to 1983. So clearly this was a major hurdle and like in Dover, Mr. Dover had presented his claim and the board acted without authority, different kind of authority, but they still acted without authority nonetheless. And that's why this court said that, we think, that there was a prevailing party because it removed this hurdle to allow him to then proceed with the claim that had already been presented. In Halpern, it was an attorney fee issue that, per the statute, the VA never had any jurisdiction ever to address at all because it was not a 20% or less fee withholding contract. Is it important in Halpern also that his appeal to the Veterans Court was not just about jurisdiction, it was about he wanted the eligibility to terminate? And I think that's the other point, Your Honor. Thank you for bringing that up because the sole issue in this appeal on the merits was to undo this final decision. He got all the relief he possibly could have gotten. Yes, Your Honor. That was because there really was...  Exactly, Your Honor. And there really was no legal authority for anybody to have ruled on this until he filed his notice of disagreement. And then, of course, as I mentioned, the notice of disagreement was filed while this appeal was pending at the court because he didn't want to lose the time to appeal. And once this hurdle, once this barrier was removed... If instead of just dismissing the appeal, the Veterans Court had said, Board, you erred, we're remanding it to you to dismiss for lack of jurisdiction. That seems to fit in line with the cases where... I don't remember the social security analogy. There's a sentence two and a sentence four, I can't keep them straight. But one of them says, and I think this is in our Motorola case maybe, that if the court remands based upon agency error without a retention of jurisdiction, then that conferred prevailing party status. Is that correct? I think that's right. That's our case law. Yes, Your Honor. So if they had remanded here to the board because they erred and said dismiss it, that would be a remand, no retention of jurisdiction based upon agency error. And so I'm going to ask the government this, but it seems like that would qualify for prevailing party status. I think it would, Your Honor, under the same rationale. But I think that in Hudson v. Principi... I guess what... Okay, you can go with that. I guess what I'm trying to get at is, does it matter? Assuming that first thing, the remand based on agency error with instruction to dismiss qualifies, does it matter that the court just dismissed the appeal outright rather than the remand for the board to dismiss? Because it seems like in that instance, it would be kind of an incentive for the VA to ask for the dismissal of the appeal rather than the remand for the board to dismiss to avoid fees. I think, Your Honor, that it doesn't matter how the court frames its order. What matters is what actually happens. And Hudson v. Principi, which the Secretary talked about in his brief, outlined... I think that very scenario happened. The court made one order and this court said, well, that was the wrong order, but we're going to actually look at what happened and whether you were prevailing in your action. And so, regardless of how the court frames it, how the Secretary asked for relief, what we need to focus on is, was there an error? Here the parties agree there was. And if there was, did the court's order either require additional proceedings at the agency, which it did here, or was there a material alteration in their legal relationships, which there was here as well? And I think that it's very evident, particularly with the fact that he had... And again, I want to emphasize the distinguishing characteristic between this and Dover over cases like Halpern was that there was something there at the VA that was waiting for this to be resolved in order for it to proceed. And in Halpern, there was just enough...  There's another procedural vehicle already on the tracks, which is the other appeal, such to Judge Hughes' point, when this appeal issue is resolved, there doesn't need to be a remand. And I think that's accountable in the decision, right? Correct, Your Honor. Yes. I think that's an accurate... So that explains why they just dismissed rather than remanded. But it wouldn't change the nature of the prevailing party characterization, would it, if you had not had a parallel claim pending? You still would have said, getting rid of this case, which was all you were seeking, the board decision, which was air, even if what it did was then allow you to go file a new case, would have made you a prevailing party sense. We've got all these factual things. I want to make sure that we're not... Because this is not stuff that seems like it should be piecemeal. This is good. This is bad. This is good. This is good. We should have a clear, coherent line. And I'm trying to understand, I mean, it helps explain why they didn't remand with instructions to dismiss rather than just dismiss, because there's stuff going on already. It doesn't matter. But if there hadn't been stuff, I assume you would say he's still a prevailing party because he got the erroneous board decision blocked or overturned. I don't think so, Your Honor. Actually, I think if there was no claim pending, that's what Halpern was about. That's what Robinson, I think it was, was about, in that there was nothing there to... There was no agency follow-up after this decision. If the board had just, out of the blue, issued a decision denying CUE or any claim, there was never anything at the agency whatsoever and the veteran appeals. I think that under this court's case law, there is no prevailing party because they didn't get anything other than an opportunity to possibly, like Halpern, present a claim. But again, this case in Dover in particular, there was already something at the agency. I think I see where you're going. The point of it is not so much that this removed an obstacle, it's that it's really equivalent to all these other cases where we see court of appeals correction of an agency error and it's equivalent to a remand based upon that agency error which qualifies. It's just there wasn't a need for a remand here because it was already preceded. Exactly, Your Honor. That's why in our briefing we talked about, and we clarified in our reply brief, it has the color of a remand, but it couldn't remand because of what the board did, not because of anything that the veteran... Well, I think they could have. I mean, that's what I was getting at. I think they wouldn't have remanded for further proceedings on the merits, but what they could have instead of just dismissing the appeal is saying, board, you erred, you didn't have jurisdiction, we're remanding it to you to dismiss for lack of jurisdiction, which is sometimes what we do in district court to appellate court stuff, and I don't want to confuse that because that probably isn't a prevailing part over there, but they asked the entity that made the improper jurisdictional decision to change the decision, and I think that's pretty clear. I'm sorry I've taken you way into your rebuttal, but it seems to me pretty clear that if that's what had happened is the veterans court had said to the board, you erred, you don't have jurisdiction, we're remanding for you to dismiss, that that's a prevailing party. Yes, Your Honor, but again, I think it's because of all the other things and not necessarily because of how they framed the order. Yeah. We will give you your full three minutes rebuttal. Thank you, Your Honor. Mr. Smith. Good morning, Your Honors. May it please the Court. Mr. Greenidge claims that he's the prevailing party, despite the fact that the veterans courts did not award him any benefits, did not remand his case. Okay, so from the outset, I think there's a lack of clarity in all of this, and you're continuing by suggesting that in order to get prevailing party status, you have to have some relief in terms of the benefits you're seeking, and that's mostly because when we're talking about this stuff, that's what's going on. CSRT made very clear that it's not necessarily the underlying merits of the underlying claim. It's whether you got relief on the merits of what you were seeking, and clearly there in CSRT, it wasn't the merits of the claim. It was a jurisdictional thing. So address for me, his appeal to the veterans court here was solely seeking to have the board's decision dismissed for lack of jurisdiction. Your Honor, I would respectfully disagree with that, and that is actually a point I did want to raise in response to some of the comments by my colleague, in that before the veterans court, he was actually seeking a remand. And I think that is a very important point, because here the court declined to remand and dismissed. So they're- Seeking a remand for what? Let me quote- For proceedings on the parallel claim? Let me quote the claim so I get this correct. Remand so the board can, in turn, remand a claim for the RO to issue a new statement of the case, Your Honor, and that's at appendix 158. So this isn't quite the situation that was described by my colleague, where he was simply seeking to get out of this stream and continue his other- I'm sorry, if he would have gotten that, wouldn't he have been entitled to prevailing party status? Potentially, Your Honor, but he did not prevail on that. So we have the situation where he did not- Your Honor, that was the government's argument. I respectfully decline that this was an alternative argument that was offered. Well, it doesn't really matter.  The status for- the test for prevailing party status in these agency cases is- and this is unusual, but I think I'm not going to get caught up in the fact that they dismissed rather than remanded, because I don't think you all can avoid attorney fees by getting the veterans court to dismiss rather than remand. This is functionally equivalent to a remand to me. And so, if it's an appeal, the veterans court issues a decision, finds that there's agency error, and remands without retaining jurisdiction. You agree that in most circumstances, under our precedent, that qualifies as prevailing party? That is the standard that this court has articulated, Your Honor. And so, if what had happened here was they appealed, the veterans court said the board shouldn't have issued the decision, it lacked jurisdiction, that's an agency error. We remand to the board to dismiss for lack of jurisdiction. Would that be prevailing party status? Under this party's- excuse me, under this court's precedent in Robinson, Your Honor, that's precisely what occurred. There was a remand for instructions to dismiss, and that- this court found that there was not a prevailing party. You're going to have to tell me the facts. The problem is that you point out these general things, but the facts of all these cases are different. I do agree with you, Your Honor, there are factual distinctions at play here. That being said, I do think that we are much closer to the situation that you just described, where this is a remand, if there had been a remand, which there was not. So here, this is it. I just looked at Robinson. Robinson specifically finds the remand wasn't predicated on an administrative error. Right? You don't get prevailing party status. But that's not the hypothetical here, and that's not what actually would have happened if there was a remand. This remand would have been specifically predicated on board error. And if that's the case, a remand predicated on agency error without retention of jurisdiction qualifies you for prevailing party status. Right? Provided that there's a legal change in the- excuse me, a change in the party's respective legal positions vis-a-vis one another, Your Honor. And that's what we don't have here. This case falls into the line of cases that this court has described, where when you revive, and I borrow the court's own previous metaphor here, when you bring a disqualified boxer back into the ring and allow them- I can tell you, Your Honor, it does not agree. I know we have that language, but you know what? That language can be interpreted in a lot of different ways. And sometimes when you bring them back in the ring, they are a prevailing party. It just is. We can find cases that that's exactly what's happened. And it's an agency error that allows them to continue going, but it gives them prevailing party status. I'm not sure that I agree with that characterization, Your Honor, but I understand that is your position. I would further argue that here we have the situation of, because there was a pending appeal in a separate stream, that in reality this appeal was somewhat, although it has been characterized as some type of an obstacle, that's very unclear based on the facts before us, Your Honor. The appeals were co-pending for 13 months. So this wasn't a situation where we had the, for lack of a better word, the appeal at issue here versus the NOD appeal, if you will. The NOD appeal was not prevented from moving forward on the basis of this appeal. And in fact, there's no suggestion that that would have been the case. It's for the same stuff though, right? It's for the same claims. And the board reached out and prematurely decided that the veteran wasn't entitled. We agree. But while that was pending, the NOD had been filed. They were both sitting out there. I'm sorry. You all would have definitely argued that that board decision blocked the other one. We had it in the preceding 13 months, Your Honor. But I take your point, and I respect your argument. Judges don't make arguments. They render decisions. Correct, Your Honor. My mistake. This hasn't yet occurred. My mistake, Your Honor. Let me just ask you a kind of broader level question. Assuming that that improper board decision would have blocked any relief on the merits, what else are they supposed to do? They have to file an appeal to the Veterans Court to say, the board didn't have jurisdiction to reach this. And isn't the fundamental purpose of EJA to allow claimants that don't have sufficient resources to do exactly that, to challenge improper government action? This is not one of these things where the Veterans Court said, oh, you failed to look at this, reconsider, or there may have been a change in the law, but we don't know whether you're entitled. This is actually specific agency error. Everybody agrees that it was agency error. Yes, Your Honor. And so when somebody challenges an agency for committing a wrongful error, they get that corrected. Why shouldn't they get fees for that? Because this really only maintained the status quo for the pending appeal. How did it maintain the status quo if the prior improper board decision, and I know you say it wouldn't, but I'm not going to take your word for that. I've spent a lot of time with the VA myself. That first board decision that denied benefits, denied benefits, and they would have said this is binding on you, and so your other thing can't go forward. And if you hadn't appealed that, they might have said you're time barred from appealing that, and so you're out altogether. I'm not sure about the time bar, given that- Let's just assume that's what would have happened. Understood. Because we can't hope for the best from the VA in these kind of circumstances. Let's just assume that if he hadn't appealed this, the VA would have relied on the improper board decision to deny him benefits in his parallel case. Then he had to challenge that, right? Yes, Your Honor. And you're saying that even if he's fully successful in challenging that, he's not entitled to fees? I would push back slightly on the fully successful, Your Honor, but yes, that is my argument.   I do believe that this case maintains somewhat, is factually very similar to the Cavicciuti case, which we have not discussed, in which, again, there was a parallel proceeding. The appeal at issue was dismissed in light of the other appeal, which had mooted it. There was agency error in both cases. It was remanded with instructions, and because the case did not address the merits and the other appeal was allowed to proceed, that was viewed as a non-prevailing party situation, Your Honor. Similarly, I would point to Winters, where there was, again, a remand to allow specific consideration of the board's findings, and that, too, was found not to be a prevailing party when it maintained, simply, the ability of the appellant to continue the current stream. I understand that it appears that... None of this was considered moot. As Judge Hughes has mentioned repeatedly, this was vacated because it was agency error. It wasn't mooted. It wasn't an effort to consolidate things and let the other appeal go forward. There was a substantive decision. That is true. In the case that I just mentioned, the Cavicciuti case, the VA actually granted the relief that was entitled to the appellant in that case, and then the appellant sought EJF fees, having received the relief that they had been entitled to. This court declined to find him a prevailing party because that separate proceeding had been mooted in light of the other proceeding. So although he was ultimately successful in achieving the merit and the relief that he was seeking, because that, for lack of a better word, collateral appeal was dismissed and simply placed the appellant in the same position he would have been in, he was judged by this court not to be the prevailing party. Frankly, Your Honor, in these situations where there are parallel proceedings, this court has repeatedly, both in that Cavicciuti case, in Halpern III, determined that when we simply allow the litigant to proceed with the other parallel proceeding, he cannot be judged to have been the prevailing party because he has not received any adjudication on the merits of his claim. And I just want to check my notes here to make sure that I – yeah, I do want to point out that, again, in the previous discussion with my colleague, there was discussion about cutting off the appeal. And again, the facts of this case suggest that was not the case. He was allowed to proceed with his appeal via notice of disagreement, which is the proper jurisdictional remedy. And I admit I was slightly confused by my colleague's claim that if there had not been a parallel proceeding, that this would somehow have removed him from the prevailing party. I'm not so sure about that either, but I'm not sure that helps you. I just wanted to make sure that I'm not sure that is, in fact, the case, Your Honor, and I just wanted to mention that. I think it doesn't necessarily matter whether there was a parallel proceeding if the civil action in this case, which is what we're looking at for prevailing party status, is his challenge to an improper board decision, and he gets that overturned. Whether or not there's a parallel proceeding, to me, doesn't, I think he's giving up stuff he doesn't need to, which, but it doesn't help you. If I think that's prevailing party status, it doesn't matter to me whether there's a parallel action. I tend to agree with you, Your Honor. I was just confused as to what the argument was. All it does is make it seem more like what is prevailing party status, which is a finding of agency error, and a remand for further proceedings without retention of jurisdiction, and it seems a lot more like that, even though that's not what happened directly here because of the parallel proceeding. I respectfully disagree, Your Honor, but absent any further questions, I will cede the remainder of my time. Thank you, Mr. Smith. Mr. Dohakis has some rebuttal. Thank you, Your Honor. I want to emphasize CRST is very helpful to our case because it, as a judge, he's- Do you have any response to, I tried to read and remember as many of these cases as I could, but I don't have all of them in my binder. That Kay case he was talking about, Coe- Cavicciuti? Yeah. I read it in preparation, and I admit I don't remember the specific facts because I didn't The reason that one is inapplicable is because it was a writ petition, and if I remember correctly, that was the case where the veteran was trying to get the, and I'm not going to speak because I might be mixing it up with other, but it was a writ petition- We can go back and read it ourselves. We don't think that it applies. Winters was also, he brought, the Secretary brought up in their brief, there was a finding of no error, and that's why that case came out the way it did. Robinson- That one made my binder. Robinson, as you pointed out, Your Honor, there was no error, and I want to just emphasize too, there was a second part of that decision which talked about material alteration of the legal relationship, and what that case turned on was that the Veterans Court in its discretion allowed the veteran to present a waived claim, which is not what we have here, and the Secretary's focus on what he asked for, a remand for an SOC versus a dismissal, is, again, irrelevant. The Board's decision was in error. They had no jurisdiction, and whether he asked for a statement of the case, which was then required because he did file the NOD, or just asked them to dismiss it to allow the appeal to proceed, the same result happened, and that's what the Court's precedent here focuses on is what actually happened. What was the result of the Court's order, and was there further agency action, and then the last point on the parallel proceedings, whether that is necessary or not is irrelevant here because we do have parallel proceedings, and that emphasizes and reinforces the fact that there is additional agency proceedings that are a direct result of the Court's order to find error in what the Board did. So we would ask that this Court reverse the Veterans Court's finding that he is not a prevailing party. Thank you, counsel, and thank you to both counsel, the case is submitted.